UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Randall GOODLETT,<br><br>                              Plaintiff,<br><br>v.<br><br>Ramiro DELGADO, et al.,<br><br>                              Defendants. | Case No.: 19-cv-1922-AJB-AGS<br><br>**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS (ECF 9)** |

The Court considers defendants' motion to dismiss parts of an inmate's civil-rights lawsuit.

## BACKGROUND

While incarcerated at R.J. Donovan Correctional Facility, plaintiff Randall Goodlett alleges that a prison guard knocked him unconscious without provocation and that other officers failed to intervene or report this misconduct. (ECF 1, at 3-5.) After transferring to a new prison, Goodlett filed this 42 U.S.C. § 1983 action against those guards. (*Id*. at 1.) Defendants move to dismiss three portions of Goodlett's complaint: (1) the Fourteenth Amendment substantive-due-process claim; (2) the request for money damages against defendants in their official capacities; and (3) the injunctive-relief claim.

## DISCUSSION

This Court may dismiss a case for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss, the Court's

1

"inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). If a plaintiff proceeds without an attorney, like Goodlett here, the Court has an obligation "to construe the pleadings liberally" and afford plaintiff "the benefit of any doubt." *Martinez v. Barr*, 941 F.3d 907, 916 (9th Cir. 2019).

**A.    Fourteenth Amendment Due-Process Claim**

Defendants move to dismiss Goodlett's Fourteenth Amendment due-process claim, arguing that it is duplicative of his allegations of "excessive force and failure to intervene under the Eighth Amendment."[1] (ECF 9, at 4.) When a specific constitutional Amendment "provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality) (quotation marks omitted). Thus, any "protection that 'substantive due process' affords convicted prisoners against excessive force is . . . at best redundant of that provided by the Eighth Amendment." *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1986).

Goodlett alleges that some defendants used excessive force against him, while others failed to intervene or report his abuse. (ECF 1, at 4.) Such claims fall squarely within the Eighth Amendment's explicit protections, as that Amendment "is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions." *Whitley v. Albers*, 475 U.S. 312, 327 (1986). As a result, Goodlett's due-process "claim is preempted by the

---

[1] This Court interprets Goodlett's cruel-and-unusual-punishment cause of action (Count 3) as a claim under the Eighth Amendment as incorporated through the Fourteenth Amendment. *See Robinson v. California*, 370 U.S. 660, 667 (1962) (applying "cruel and unusual punishment" protection to state action through Fourteenth Amendment). Defendants identify Count 2 ("Civil misconduct right to due process") as the offending Fourteenth Amendment due-process claim. (*See* ECF 1, at 4; ECF 9, at 4.) The Court's analysis is thus limited to Count 2, to the extent it alleges a due-process claim.

Eighth Amendment and should not be analyzed as a substantive due process claim under the Fourteenth Amendment." *See Easter v. CDC*, 694 F. Supp. 2d 1177, 1187 (S.D. Cal. 2010).

**B.     Claim for Damages in Defendants' Official Capacities**

Defendants also move to dismiss Goodlett's claims for damages against them in their official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities," unless the state consents. *See Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Although Congress may revoke this state immunity, "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Thus, state prison guards "acting in their official capacities cannot be sued for damages under Section 1983," and defendants' motion to dismiss this part of the complaint should be granted. *See Goldstein v. City of Long Beach*, 715 F.3d 750, 753 (9th Cir. 2013).

**C.     Injunctive Relief**

Finally, defendants move to dismiss Goodlett's request for an injunction as moot. A prisoner's injunctive-relief claim is rendered moot once the inmate is transferred to a new prison with "no reasonable expectation of returning." *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991). Goodlett, who currently resides at Kern Valley State Prison, asks this Court to enjoin correctional officers employed at his past prison, R.J. Donovan. (*See* ECF 1, at 1-2, 8; ECF 5; ECF 9, at 5.) Yet Goodlett never mentions the possibility of returning to Donovan at all, let alone a "reasonable expectation of returning." *See id*. Thus, his request for injunctive relief is moot and should be dismissed.[2]

---

[2] Even if this claim were not moot, the Court likely lacks the power to grant the requested relief. A plaintiff seeking a permanent injunction "must satisfy a four-factor test," which includes showing "irreparable injury." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). A prison-conditions injunction must also pass the Prison Litigation Reform Act's "need-narrowness-intrusiveness" test. *Armstrong v.*

3

# CONCLUSION

This Court recommends that defendants' motion to dismiss be **GRANTED** and that the following portions of Goodlett's complaint be dismissed:

1. Count 2, to the extent it alleges a Fourteenth Amendment due-process claim—**DISMISSED with prejudice**;
2. Request for damages against defendants in their official capacities—**DISMISSED with prejudice**; and
3. Injunctive-relief request—**DISMISSED**.

Within 14 days of service of this report, the parties must file any objections to it. *See* 28 U.S.C. § 636(b)(1). The party receiving such an objection has 14 days to file any response. Fed. R. Civ. P. 72(b)(2).

Dated:  August 5, 2020

Hon. Andrew G. Schopler
United States Magistrate Judge

---

*Schwarzenegger*, 622 F.3d 1058, 1070 (9th Cir. 2010); s*ee* 18 U.S.C. § 3626(a)(1)(A). Goodlett's injunctive-relief claim would not seem to survive either inquiry.