UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Randall GOODLETT, | Case No.: 19-cv-1922-AJB-AGS |
|---|---|
| Plaintiff, | **REPORT AND RECOMMENDATION TO GRANT DEFENDANT DELGADO'S MOTION TO DISMISS (ECF 27)** |
| v. | |
| Ramiro DELGADO, et al., | |
| Defendants. | |

Earlier in this case, the Court dismissed three of plaintiff's claims. But one defendant had not been served at the time. Now that he has, he requests dismissal of those same claims on the same bases, which plaintiff does not oppose. So, for the same reasons as previously given, this Court recommends defendant Delgado's motion to dismiss be granted.

## BACKGROUND

While incarcerated at R.J. Donovan Correctional Facility, plaintiff Randall Goodlett alleges that a prison guard knocked him unconscious without provocation and that other officers failed to intervene or report the misconduct. (ECF 1, at 3-5.) After transferring to a new prison, Goodlett filed this 42 U.S.C. § 1983 action against those guards. (*Id.* at 1.) In January 2020, all four of the defendants moved to dismiss three portions of Goodlett's complaint: (1) the Fourteenth Amendment substantive-due-process claim; (2) the request for money damages against defendants in their official capacities; and (3) the injunctive relief claim. (ECF 9.) That motion to dismiss was granted on September 11, 2020, based on this Court's recommendation. (ECF 13; ECF 12.) But one defendant—Delgado—had

1

not yet been served at the time the January 2020 motion to dismiss was filed. (ECF 27, at 3.)

Delgado, now served, filed the present motion out "of an abundance of caution and to facilitate a clear and procedurally appropriate record." (*Id.*) This motion seeks to dismiss the same three claims against Delgado that the September 11, 2020 Order dismissed against the other defendants. (*Id.* at 2.) Delgado seeks the partial dismissal on the "precise same legal grounds."[1] (*Id.* at 6.) Goodlett was served a copy of this motion on June 1, 2021, but did not respond. Delgado filed a notice of a failure to oppose on July 15, 2021, and the motion to dismiss remains unopposed by Goodlett. (ECF 30.)

## DISCUSSION

This court may dismiss a case for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss, the Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). If a plaintiff proceeds without an attorney, like Goodlett here, the Court has an obligation to "construe the pleadings liberally" and afford plaintiff the "benefit of any doubt." *Martinez v. Barr*, 941 F.3d 907, 916 (9th Cir. 2019).

---

[1] Ordinarily, the Court should observe district court determinations on pretrial motions as "the law of the case." *United States v. Phillips*, 367 F.3d 846, 856 (9th Cir. 2004) ("Issues that a district court determines during pretrial motions become law of the case."). In this case, the district court's prior ruling on identical legal arguments would apply to Delgado as well, as he is situated identically to the guards dismissed in September 2020. But the "law of the case doctrine" is only "a guide to discretion." *United States v. Lewis*, 611 F.3d 1172, 1179 (9th Cir. 2010) ("Law of the case is a discretionary doctrine: It 'merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.'" (citing *Messinger v. Anderson*, 225 U.S. 436, 444)). Given Goodlett's appearance without an attorney, the Court exercises its discretion to explain why that legal analysis also applies to Delgado.

### A. Fourteenth Amendment Due Process Claim

Delgado moves to dismiss Goodlett's Fourteenth Amendment due-process claim, arguing that it is duplicative of his allegations of "excessive force and failure to intervene under the Eighth Amendment."[2] (ECF 27, at 8.) When a specific constitutional Amendment "provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality) (quotation marks omitted). Thus, any "protection that 'substantive due process' affords convicted prisoners against excessive force is . . . at best redundant of that provided by the Eighth Amendment." *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1986).

Goodlett alleges that Delgado used excessive force against him "by slamming [him] to the ground, knocking [him] unconscious." (ECF 1, at 4.) Like the failure-to-intervene and improper-transportation allegations levied against the other three defendants (*id.*), such a claim falls squarely within the Eighth Amendment's explicit protections: that Amendment "is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions." *Whitley v. Albers*, 475 U.S. 312, 327 (1986). As a result, Goodlett's due-process "claim is preempted by the Eighth Amendment and should not be analyzed as a substantive due process claim under the Fourteenth Amendment." *See Easter v. CDC*, 694 F. Supp. 2d 1177, 1187 (S.D. Cal. 2010).

---

[2] This Court interprets Goodlett's cruel-and-unusual-punishment cause of action (Count 3) as a claim under the Eighth Amendment as incorporated through the Fourteenth Amendment. *See Robinson v. California*, 370 U.S. 660, 667 (1962) (applying "cruel and unusual punishment" protection to state action through Fourteenth Amendment). Defendants identify Count 2 ("Civil misconduct right to due process") as the offending Fourteenth Amendment due-process claim. (See ECF 1, at 4; ECF 27, at 4.) The Court's analysis is thus limited to Count 2, to the extent it alleges a due-process claim.

B.  **Claim for Damages in Defendant's Official Capacity**

Delgado also moves to dismiss Goodlett's claims for damages against him in his official capacity. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities," unless the state consents. *See Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Although Congress may revoke this state immunity, "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Thus, just like the guards dismissed in the September 2020 Order, Delgado "acting in [his] official capacit[y] cannot be sued for damages under Section 1983." *See Goldstein v. City of Long Beach*, 715 F.3d 750, 753 (9th Cir. 2013).

C.  **Injunctive Relief**

Finally, Delgado moves to dismiss Goodlett's request for an injunction as moot. A prisoner's injunctive-relief claim is rendered moot once the inmate is transferred to a new prison with "no reasonable expectation of returning." *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991). Goodlett currently resides at Kern Valley State Prison; Delgado—like the other guards—is stationed at R.J. Donovan. (*See* ECF 1, at 1-2, 8; ECF 5; ECF 27, at 9.) Goodlett never mentions the possibility of returning to Donovan, let alone a "reasonable expectation of returning." *See id.* Thus, his request for injunctive relief is moot and should be dismissed.[3]

---

[3] Even if this claim were not moot, the Court likely lacks the power to grant the requested relief. A plaintiff seeking a permanent injunction "must satisfy a four-factor test," which includes showing "irreparable injury." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). A prison-conditions injunction must also pass the Prison Litigation Reform Act's "need-narrowness-intrusiveness" test. *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1070 (9th Cir. 2010); *see* 18 U.S.C. § 3626(a)(1)(A). Goodlett's injunctive-relief claim would not seem to survive either inquiry.

# CONCLUSION

Based on the foregoing reasons and for the same reasons as the September 2020 Order, this Court recommends that defendant Delgado's motion to dismiss be **GRANTED** and that the following portions of Goodlett's complaint against Delgado be dismissed:

1. Count 2, to the extent it alleges a Fourteenth Amendment due-process claim—**DISMISSED with prejudice**;

2. Request for damages against defendants in their official capacities—**DISMISSED with prejudice**; and

3. Injunctive-relief request—**DISMISSED**.

Within 14 days of service of this report, the parties must file any objection to it. *See* 28 U.S.C. § 636(b)(1). The party receiving such an objection has 14 days to file any response. Fed. R. Civ. P. 72(b)(2).

Dated: November 15, 2021

_____
Hon. Andrew G. Schopler
United States Magistrate Judge